IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Recycle Plastic Industrial Co., Ltd., <br><br> Plaintiff, <br><br> v. <br><br> Everon Polymers LLC, ERC Management Company, and Yee Y. (Vincent) Chiu <br><br> Defendants. | Case No.: 25-cv-50061 <br><br> Judge Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Accepting the well-plead allegations as true and drawing all reasonable inferences for the nonmovant, *Landmark Am. Ins. Co. v. Deerfield Constr. Inc.*, 933 F.3d 806, 809 (7th Cir. 2019), the Court denies the Defendants' motion to dismiss Recycle Plastic's First Amended Complaint.[1]

According to the Complaint, Everon Polymers promised to sell Recycle Plastic 157 tons of good-quality plastics capable of being reprocessed. *See generally* Dkt. 35. Recycle Plastic paid roughly $600,000 for the plastic and then loaned Everon Polymers an additional $20,000 on its oral promise to repay $30,000 in 30 days. *Id.*

---

[1] Defendants attached an affidavit in support of their Rule 12(b)(6) motion to dismiss. Attaching exhibits that are not referenced in the complaint (such as an affidavit contradicting the complaint's allegations) is poor practice. *See Rockwood v. Sheriff of Lee Cnty.*, No.: 23-cv-50245, 2024 U.S. Dist. LEXIS 171719, at *1 n.3 (N.D. Ill. Sep. 24, 2024). Don't do it. This practice has limited utility and leads to delays. 2 *Moore's Federal Practice* §12.34[3][a] (3d ed. 2023). The Court exercises its discretion and doesn't consider the affidavit to decide this motion. Fed. R. Civ. P. 12(d).

1

at ¶¶ 122, 134–142. Both deals turned sour: Everon Polymers allegedly failed to repay its loan, and Recycle Plastic contends that it received mostly poor-quality plastics "that could not be further sorted, processed, or resold as recycled plastic products." *Id.* at ¶ 27. Allegedly, Everon Polymer's manager and sole member, Vincent Chiu, repeatedly promised to compensate Recycle Plastic for all losses but never did. *Id.* at ¶ 92–93.

On these allegations, Recycle Plastic sued Chiu, Everon Polymers, and its management company ERC, claiming that all Defendants breached written and oral contracts (Counts I and III), violated the Illinois Uniform Commercial Code (Count II), and otherwise engaged in deceptive business practices (Counts IV and V). ERC and Everon Polymers move to dismiss the breach of oral contract claim because the exhibits attached to the Complaint don't independently establish a valid and enforceable oral loan agreement. Dkt 44, 8. That's irrelevant. Even without the exhibits, Recycle Plastic *alleges* that the Defendants promised to repay a $20,000 loan within 30 days—but didn't. That allegation plausibly suggests that Everon Polymers breached an oral loan agreement.

Defendant Chiu also moves to dismiss, noting that corporate officers, shareholders, and affiliates usually aren't liable for the corporation's torts. *See Main Bank of Chicago v. Baker,* 86 Ill. 2d 188, 188 (1981). Under Illinois law, however, corporate officers become liable on an agency relationship if they personally agree to compensate losses. *W. Cas. & Sur. Co. v. Bauman Ins. Agency, Inc.*, 81 Ill. App. 3d 485, 486, 401 N.E.2d 614, 615–16 (1980). And, allegedly, Chiu impliedly agreed to be

2

personally liable on the contract by promising to compensate all damages caused by nonconforming goods. Although the exhibits attached to the Complaint don't prove the Complaint's substantive allegations, the Defendants miss the point again: "[P]roof comes later, not at the complaint stage." *Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014).

For that reason twice over, the Court denies the motion to dismiss [36].

Entered: August 25, 2025        By:_____
                                Iain D. Johnston
                                U.S. District Judge